UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| V. ) | Case No. 5:17-cr-00546-AKK-JHE |
| ) | |
| RICHARD GRADY ROMANS ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW Defendant Richard Grady Romans, through counsel, and respectfully submits these objections to the presentence report.

1. Paragraph 7: Mr. Romans disputes the last two sentences in paragraph 7 and specifically states that he did not hold his wife against her will for any amount of time, nor did he have her car keys and his possession and refused to let her leave.

2. Paragraphs 21, 24, 27, 32, 64, 65, 68-70: Mr. Romans does not qualify as an Armed Career Criminal. As examined in the attached memorandum, Mr. Romans has at most two convictions for a "serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). For this reason, he does not qualify for sentencing under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA). Based on Mr. Romans' offense level of 19 and criminal history category II, his guideline sentencing range is 33-41 months.

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS**

The PSR states that Mr. Romans' three convictions imposed on September 20, 2002, are each "a serious drug offense for the purposes of 18 U.S.C. § 924(e)(1)." PSR ¶ 27. This is accurate. However, at most two of these convictions were "committed on occasions

different from one another." 18 U.S.C. § 924(e)(1). For this reason, the PSR incorrectly concludes that Mr. Romans is an Armed Career Criminal.

Mr. Romans' three convictions are related to a conspiracy to distribute cocaine hydrochloride. Count 1 charged the overall conspiracy and counts 13 and 14 charged discrete instances of distribution, within the overall conspiracy. In such circumstances, the three convictions may qualify separately as the three necessary ACCA predicates. However, this is only true if the facts contained in *Shepard*-approved documents establish that the conduct comprising each conviction occurred on different occasions. The *Shepard* documents related to Mr. Romans' prior convictions cannot establish this. For this reason, Mr. Romans has at most two such convictions and therefore does not qualify as an Armed Career Criminal.

**I.      ACCA-predicate convictions can be established only by a narrow set of approved documents.**

The ACCA enhancement applies only if a person has three previous convictions for either a violent felony or a serious drug offense, or both, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). To qualify under § 924(e)(1), prior convictions must have arisen from "separate and distinct criminal episode[s]" and be for "crimes that are temporally distinct." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotations omitted). When evaluating whether crimes were committed on different occasions, the Eleventh Circuit has held that predicate crimes must be "successive rather than simultaneous." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998).

When evaluating whether a conviction qualifies under the ACCA, a Court may rely only upon facts reflected in a narrow set of documents known as *Taylor* or *Shepard* documents. *See Taylor v. U.S.*, 495 U.S. 575 (1990); *United States v. Shepard*, 544 U.S. 13, (2005). In *Taylor*, the Supreme Court identified several approved documents, holding that where a defendant was convicted at trial, such a conviction could qualify as an ACCA predicate only if the statutory definition, charging document or jury instructions established the necessary facts. *Taylor v. U.S.*, 495 U.S. at 602. In *Shepard*, the Court addressed prior convictions where the defendant pleaded guilty and was convicted. *Shepard*, 544 U.S. at 16. The Court expanded the approved documents to include a "written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[1] Consideration of other sources is not permitted.[2]

This source restriction does apply to the determination of whether prior offenses occurred on "occasions different from one another" under § 924(e)(1). *United States v. Sneed,* 600 F.3d 1326, 1332–33 (11th Cir. 2010). *Accord United States v. Thomas,* 572 F.3d 945, 950–51 (D.C.Cir. 2009); *United States v. Thompson,* 421 F.3d 278, 285–86 (4th Cir. 2005); *United States v. Fuller,* 453 F.3d 274, 279–80 (5th Cir. 2006); *United States v. Taylor,* 413 F.3d 1146, 1157–58 (10th Cir. 2005); *Kirkland v. United*

---

[1] The memorandum will refer to all of the Supreme Court-approved documents by the more common term, "*Shepard* documents."

[2] *See United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir. 2006) ("the trial judge may not look beyond" the *Shepard* documents); *United States v. Johnson*, 634 F. App'x 227, 231 (11th Cir. 2015) ("sentencing courts may only consider a limited set of documents"); *Sneed*, 600 F.3d at 1333 (proof of the "different occasions" prong of the ACCA is only available from *Shepard* documents); *United States v. Braun*, 801 F.3d 1301, 1305-06 (11th Cir. 2015) (an uncontested PSR from an earlier federal case is not a *Shepard* document).

*States*, 687 F.3d 878, 886–87 (7th Cir. 2012). If it seeks to establish that Mr. Romans' three prior convictions occurred on occasions different from one another, the government must do so through an approved document.

> **II.     *Longoria* analyzed under what circumstances convictions for a drug conspiracy and acts in furtherance of that conspiracy can qualify as separate ACCA predicates.**

In *Longoria*, the Eleventh Circuit answered two questions. *United States v. Longoria*, 874 F.3d 1278 (11th Cir. 2017). First, where a defendant has a prior conviction for a drug distribution conspiracy and a separate distribution conviction for actions in furtherance of that conspiracy, can those qualify as separate predicates under the ACCA? *Id.* at 1282. The Court determined that, yes, those two convictions can qualify separately. *Id.*

Next, the Court moved the second question, which was whether Longoria's convictions could be established by *Shepard* documents to be separate occurrences. *Id.* The Court reviewed a *Shepard* document, the plea agreement, and determined that in that case, the convictions were separate occurrences. *Id.* This conclusion was based on the following facts, as established by *Shepard* documents:

- Longoria told undercover detectives he and his co-defendant could sell them cocaine for $20,000 per kilogram.
- November 24, 2008, the defendant sold 5.5 grams of cocaine.
- December 3, 2008, the defendant sold thirty-five grams of cocaine.
- December 10, 2008, the defendant met with detectives to confirm that they had $20,000 to purchase one kilogram of cocaine.

*Id.*

Based on this, there was "no question that Longoria had the opportunity to desist but chose instead to commit another crime *during the seven days between selling thirty-five grams of cocaine and consummating his conspiracy to sell one kilogram of cocaine.*" *Id.* (quotation omitted) (emphasis added). This because the distribution offenses were merely two of the discrete episodes "in the series of events constituting defendant's participation in the conspiracy." *Id.* (11th Cir. 2017).

In other words, after the December 3 sale of cocaine in furtherance of the conspiracy, the defendant then consummated the conspiracy on December 10, representing a separate criminal act in furtherance of the conspiracy which occurred on a separate instance. Because the documents established that the defendant performed acts in furtherance of the conspiracy on a separate instance than the distribution counts, the convictions qualified separately under the ACCA.

### III. Mr. Roman's prior convictions

a. Charges

Count One charged that, "from in or about 1994, through on or about August 30, 1999, in the Eastern District of Tennessee and elsewhere," five defendants, including Mr. Romans, "and others known and unknown to the Grand Jury, did combine, conspire, confederate, and agree with each other to knowingly, intentionally and without authority commit violations of Title 21, United States Code, Section 841(a)(1), that is, distribute and possess with intent to distribute cocaine hydrochloride, a schedule II controlled substance; all in violation of Title 21, United States Code, Section 846.

5

Count Thirteen charged that "on or about January 15, 1999, in the Eastern District of Tennessee, defendant RICHARD ROMANS, did knowingly intentionally and without authority distribute cocaine hydrochloride," in violation of 21 U.S.C. § 841. Count Fourteen charged that, "on or about February 26, 1999, in the Eastern District of Tennessee, defendant RICHARD ROMANS, did knowingly intentionally and without authority distribute cocaine hydrochloride," in violation of 21 U.S.C. § 841.

Mr. Romans was tried and convicted of these charges. He maintained his innocence throughout that process.

      b.  Standard for conspiracy

The Sixth Circuit Pattern Jury Instructions § 3.01A enumerate the elements of a conspiracy charge:

> (A) First, that two or more persons conspired, or agreed, to commit the crime of [distribution of controlled substances].
>
> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.
>
> (C) And third, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

**IV.    The *Shepard* documents from Mr. Romans' prior convictions cannot establish that his convictions were each committed on different occasions.**

No *Shepard* document establishes that Mr. Roman's convictions were committed on separate occasions. Indeed, the reasoning in *Longoria* explains why the *Shepard* documents cannot establish this.

One *Shepard* document, the indictment charged Mr. Romans with three counts: distribution of cocaine hydrochloride on or about January 15, 1999; distribution of cocaine hydrochloride on or about February 26, 1999; and participation in a conspiracy to distribute

6

cocaine hydrochloride between 1994 and August 1999. The judgment, another *Shepard* document, states that Mr. Romans was convicted of these three counts of the indictment.

From this information, the Court cannot glean that Mr. Romans committed acts in furtherance of the conspiracy other than the acts that form the basis for the distribution counts. To commit this offense, a defendant is required only to "knowingly and voluntarily joined the conspiracy." Sixth Circuit Pattern Jury Instructions § 3.01A**.** Distributing cocaine is an act made in furtherance of a conspiracy to distribute cocaine and can be done simultaneously to joining that conspiracy. No act successive to this one would be required to support a conspiracy conviction.

The *Longoria* Court scrutinized the *Shepard* documents and concluded that, subsequent to the acts comprising his two distribution counts, Longoria acted to commit another crime. Rather than comprising his entire participation in the conspiracy, the distribution offenses were merely two of the discrete episodes "in the series of events constituting defendant's participation in the conspiracy." *Longoria*, 874 F.3d at 1282.

In contrast, the *Shepard* documents in Mr. Romans' case do not establish such a series of events. They establish two discrete acts in furtherance of one overall conspiracy, contained within the time range of the overall conspiracy. Nothing more. Because the *Shepard* documents do not establish three qualifying convictions that each occurred on different occasions, Mr. Romans does not qualify as an Armed Career Criminal.

        Respectfully submitted,

        KEVIN L. BUTLER
        Federal Public Defender


        **/s/Alex Vlisides**
        ALEX VLISIDES
        Assistant Federal Public Defender
        Office of the Federal Public Defender
        Northern District of Alabama
        505 20th Street, North, Suite 1425
        Birmingham, Alabama 35203
        (205) 208-7170
        Alex_Vlisides@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2018, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

                **/s/ Alex Vlisides**