SEALED BY ORDER OF THE COURT

FILED
2018 Jul-24 PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

FILED
1999 OCT 14 P 1: 50
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEP. CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    1:99-cr-71 |
| v. | ) |
| | ) |
| NORMAN T. SEXTON, | )    Judge Collier |
|   aka Tim, aka Big Maudey; | ) |
| JAMES ALBERT LEGG, | ) |
|   also known as Jimmy; | ) |
| SARAH MOSS, | ) |
|   also known as Big Sally; and | ) |
| RICHARD ROMANS, | ) |
|   also known as Buck, | ) |

## SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges that from in or about 1994, through on or about August 30, 1999, in the Eastern District of Tennessee and elsewhere, defendants, NORMAN T. SEXTON, JAMES ALBERT LEGG, SARAH MOSS, and RICHARD ROMANS, and others known and unknown to the Grand Jury, did combine, conspire, confederate and agree with each other to knowingly, intentionally and without authority commit violations of Title 21, United States Code, Section 841(a)(1), that is, distribute and possess with intent to distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 846.

ATTEST:
A true copy.
Certified this _____ OCT 1 4 1999
R. MURRY HAWKINS, CLERK
By _____

## COUNT TWO

The Grand Jury further charges that on or about September 28, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, aiding and abetting in the commission of the offense, did knowingly, intentionally and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2.

## COUNT THREE

The Grand Jury further charges that on or about October 11, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, aiding and abetting in the commission of the offense, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2.

## COUNT FOUR

The Grand Jury further charges that on or about October 25, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, aiding and abetting in the commission of the offense, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2.

## COUNT FIVE

The Grand Jury further charges that on or about October 25, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, did knowingly, intentionally, and without authority manufacture cocaine base ("crack"), a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

## COUNT SIX

The Grand Jury further charges that on or about October 25, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2.

## COUNT SEVEN

The Grand Jury further charges that on or about October 31, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, aiding and abetting in the commission of the offense, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2.

## COUNT EIGHT

The Grand Jury further charges that on or about November 2, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, aiding and abetting in the commission of the offense, did knowingly, intentionally, and without authority distribute cocaine hydrochloride,

a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2.

## COUNT NINE

The Grand Jury further charges that on or about November 2, 1995, in the Eastern District of Tennessee, defendant JAMES ALBERT LEGG, did knowingly, intentionally, and without authority possess with intent to distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

## COUNT TEN

The Grand Jury further charges that on or about August 19, 1998, in the Eastern District of Tennessee, defendant SARAH MOSS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

## COUNT ELEVEN

The Grand Jury further charges that on or about October 14, 1998, in the Eastern District of Tennessee, defendant SARAH MOSS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

## COUNT TWELVE

The Grand Jury further charges that on or about October 29, 1998, in the Eastern District of Tennessee, defendant SARAH MOSS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

## COUNT THIRTEEN

The Grand Jury further charges that on or about January 15, 1999, in the Eastern District of Tennessee, defendant RICHARD ROMANS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

## COUNT FOURTEEN

The Grand Jury further charges that on or about February 26, 1999, in the Eastern District of Tennessee, defendant RICHARD ROMANS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance; all in violation of Title 21, United States Code, Section 841.

A TRUE BILL

[signature redacted]

CARL K. KIRKPATRICK
United States Attorney

By: [signature]
Gregg W. Sullivan
Assistant U.S. Attorney

5