# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **5:17-cr-00546-MHH-JHE** |
| | ) | |
| **RICHARD GRADY ROMANS** | ) | |

### RESPONSE TO DEFENDANT'S PRO SE MOTION FOR RESENTENCING AND MOTION TO APPOINT COUNSEL

COMES NOW the United States of America and responds to Defendant RICHARD GRADY ROMANS (hereinafter "ROMANS") Pro Se Motion for Resentencing and Motion to Appoint Counsel. (Doc. 40).

## I. Background

ROMANS was charged on or about December 27, 2017, in a one-count Indictment with being a felon in possession of a firearm in the instant case. ROMANS entered a blind plea of guilty on or about May 1, 2018. The Presentence Investigation Report attributed three previous controlled substance violations to ROMANS based on his previous convictions from a 1999 superseding indictment in the Eastern District of Tennessee. In that case, ROMANS was charged with conspiring to distribute and possess with intent to distribute a controlled substance pursuant to 21U.S.C. §§ 841(a)(1) and 846, and two substantive controlled substance counts pursuant to 21 U.S.C. § 841. See *United States v. Sexton et al.*, 1:99-cr-71

(E.D.TN., Oct. 14, 1999). ROMANS pled guilty to Counts One (the conspiracy count) and Counts Thirteen and Fourteen (the two substantive counts). As a result of the three previous controlled substance convictions, the PSR applied the enhanced penalties under ACCA which changed his Guideline imprisonment range to not less than 180 months. (PSR ¶ 65). ROMANS objected to the ACCA enhancement, arguing that the conspiracy conviction should not apply. (Docs. 18, 19 and 35). The Court overruled the objection and sentenced ROMANS to 180 months. (Docs. 24 and 35).

Thereafter ROMANS timely appealed his sentence to the Eleventh Circuit arguing that the conspiracy conviction should not count as a serious drug offense for purposes of determining ACCA. The Eleventh Circuit affirmed the judgment on or about September 3, 2019. *United States v. Romans*, 786 Fed. App'x 891 (11th Cir. 2019). On or about May 26, 2023, ROMANS filed a motion seeking resentencing pursuant to *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023).

**II.    Argument**

The *Dupree* court held that the inchoate offense of conspiracy is not included in the definition of "controlled substance offense" pursuant to USSG § 4B1.2(b) for purposes of determining whether a defendant is a career offender. However, *Dupree* does not apply to ROMANS because ROMANS was sentenced pursuant to the enhanced penalties found in 18 U.S.C. § 924(e)(1) - the Armed Career Criminal Act

(hereinafter "ACCA").  A serious drug offense for ACCA enhancement is defined in 18 U.S.C. § 924(e)(2)(A)(i) as "an offense under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or Chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"  The definition of a serious drug offense under 18 U.S.C. § 924(e)(2)(A)(i) is expansive.  *Dupree*, however, dealt with the definition of a controlled substance offense as defined in USSG § 4B1.2, holding that the inchoate crime of conspiracy was not included in the controlled substance offense definition in USSG § 4B1.2 for purposes of determining a sentencing enhancement as a career offender.[1]  *Dupree*, 57 F.4th at 1280.  Since ROMANS was sentenced pursuant to the ACCA penalties as enumerated under 18 U.S.C. § 924(e)(1), *Dupree* is not applicable.

Even if ROMANS had received a career offender enhancement pursuant to USSG § 4B1.1, and the then definition of "controlled substance offense" in USSG § 4B1.2(b), he still cannot rely on *Dupree* for relief.  *Dupree* was an Eleventh Circuit case and does not allow for retroactive relief.  Since *Dupree* was decided in January

---

[1] The United States Sentencing Commission applied a *Dupree* fix in the new Sentencing Guidelines that became effective November 1, 2023.  USSG § 4B1.2 was amended and now specifically includes conspiracies in controlled substance offenses.  USSG § 4B1.2(d) now states "Inchoate Offenses Included – The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."

3

2023, several District Courts have found that *Dupree* cannot be applied retroactively. See *Moore v. United States*, 2023 WL 4904670 *2 (M.D. Fla. Aug. 1, 2023) ("As the Eleventh Circuit has explained, '[f]or a new rule to be retroactive [on collateral review], the Supreme Court must make it retroactive to cases on collateral review.' *In re Joshua*, 244 F.3d 1281, 1283 (11th Cir. 2000) (citation omitted). The Supreme Court has done no such thing. Accordingly, *Dupree* offers no relief. See *United States v. Lee*, No. 8:18-cr-572-SDM-AEP, 2023 WL 1781648, at *3 (M.D. Fla. Feb 6, 2023) (finding that '*Dupree* cannot be applied retroactively').") See also *Wallace v. United States*, 2023 WL 5498992 *2 (S.D.Ga. July 25, 2023) ("However, *Dupree* was decided by the Eleventh Circuit Court of Appeals – not the Supreme Court – over two years after Petitioner was sentenced in October 2020; there has been no recognition by the Supreme Court of a newly recognized right regarding the definition of a 'controlled substance offense' in the Sentencing Guidelines as set forth in *Dupree* that has been made retroactively applicable on collateral review.") (citations omitted).

    Because *Dupree* was a decision of the Eleventh Circuit, not the Supreme Court, and because the Supreme Court has not recognized a new right in light of *Dupree*, no retroactivity applies to *Dupree's* holding. As such, ROMANS is not entitled to any relief under *Dupree*.

Finally, ROMANS's motion seeking resentencing is not a motion contemplated by the Federal Rules of Criminal Procedure. His avenues of relief are an appeal to the Eleventh Circuit, which ROMANS timely availed himself of; however, the Eleventh Circuit rejected his argument and affirmed the judgment. His other avenue relief is a collateral attack on his sentence, such as relief pursuant to 28 U.S.C. § 2255. If this Court, were to classify ROMANS's motion for resentence as a motion pursuant to § 2255, ROMANS motion is time-barred, as it has been more than one year since his judgment became final[2], and there is not another exception that applies. See 28 U.S.C. § 2255(f).

For the reasons stated above, ROMANS's motion is due to be denied.

Respectfully submitted this 24th day of January, 2024.

PRIM F. ESCALONA
United States Attorney


/s/ *Electronic Signature*
DAVIS BARLOW
Assistant United States Attorney

---

[2] The Eleventh Circuit issued its opinion on September 3, 2019. Any writ of certiorari must be filed within 90 days of entry of judgment in the Eleventh Circuit case. SUP. CT. R. 13. Thus the Eleventh Circuit's judgment became final on or about December 2, 2019.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed with the Court using the Court's CM/ECF system and by mailing a hard copy of same to the following address, via US Postal Service on this the 24th day of January, 2024.

Richard Grady Romans
Register # 15934-074
FCI Talladega
Federal Correctional Institution
PMB 1000
Talladega, AL 35160

                                                */s/Electronic Signature*
                                                DAVIS BARLOW
                                                Assistant United States Attorney